**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                      (State)

Case number (If known): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | GT Real Estate Holdings, LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | DT Real Estate Holdco, LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 84-3939589 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 800 S Mint Street <br> Number    Street | _____ <br> Number    Street |
| | P.O. Box |
| Charlotte      NC     28202 <br> City          State   ZIP Code | _____ <br> City    State    ZIP Code |
| Mecklenburg <br> County | **Location of principal assets, if different from principal place of business** <br> 280 Mount Gallant <br> Number    Street <br><br> Rock Hill        SC      29730 <br> City           State    ZIP Code |

5. **Debtor's website (URL)**    None

Debtor  GT Real Estate Holdings, LLC  Case number *(if known)*_____
       Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>  2  3  6  2 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check all that apply:*<br>  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes.  District _____  When _____  Case number _____<br>                                           MM / DD / YYYY<br>        District _____  When _____  Case number _____<br>                                           MM / DD / YYYY |

Official Form 201           Voluntary Petition for Non-Individuals Filing for Bankruptcy           page **2**

Debtor  __GT Real Estate Holdings, LLC__    Case number *(if known)*_____
      Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes.  Debtor _____  Relationship _____<br>     District _____  When ___/___/_____<br>                                                       MM  / DD  / YYYY<br>     Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                           Number    Street<br>_____<br>_____     _____<br>City                                  State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>     Contact name _____<br>     Phone _____ |

|  | **Statistical and administrative information** |
|---|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☒ 1-49          ☐ 1,000-5,000       ☐ 25,001-50,000<br>☐ 50-99         ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199      ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |

Debtor  GT Real Estate Holdings, LLC
        Name

Case number (if known) _____

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/01/2022
              MM / DD / YYYY

X _____        Jonathan Hickman
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X  *Joseph J. Farnan, Jr*      Date  06/01/2022
Signature of attorney for debtor          MM / DD / YYYY

Joseph J. Farnan, Jr.
Printed name
Farnan LLP
Firm name
919 North Market Street, 12th Floor
Number    Street
Wilmington                     DE         19801
City                           State      ZIP Code

(302) 777-0300                 farnan@farnanlaw.com
Contact phone                  Email address

100245                         Delaware
Bar number                     State

EXECUTION VERSION

# WRITTEN CONSENT OF
# THE BOARD OF MANAGERS OF
# GT REAL ESTATE HOLDINGS, LLC

**June 1, 2022**

The undersigned, being all of the members of the Board of Managers (the "**Board**") of GT Real Estate Holdings, LLC, a Delaware limited liability company (the "**Company**"), acting in accordance with the Delaware Limited Liability Company Act (the "**DLLCA**") and Section 10 of the Amended and Restated Limited Liability Company Agreement of the Company, dated May 31, 2022, and as may be amended from time to time (the "**Operating Agreement**"), hereby consent in writing (this "**Consent**") to approve the adoption of the following resolutions, effective as of the date set forth above, which shall have the same force and effect as if adopted at a duly noticed and validly held meeting of the Board:

WHEREAS, the Board has received information and advice regarding the commercial circumstances facing the Company, including the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other interested parties;

WHEREAS, based on its review of all available alternatives and advice provided by the advisors and professionals advising the Company, the Board has determined that it is in the best interest of the Company and other interested parties for the Company to take the actions specified in the following resolutions;

WHEREAS, the Board has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Board, having considered the financial and other aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code in order to implement a restructuring of the Company's obligations and/or pursue other alternatives available under the chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

*Chapter 11 Case*

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the Company's Chief Restructuring Officer, Jonathan Hickman (the "**CRO**") and the members of the Board (each, an "**Authorized Person**"), hereby are authorized and empowered, on behalf of and in the name of the Company, to execute and verify a

petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine.

*DIP Financing*

RESOLVED, that in connection with the commencement of the chapter 11 case, each Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to negotiate, execute and deliver a debtor-in-possession loan facility or other form of credit support or enhancement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on the terms and conditions as such Authorized Person executing the same may consider necessary, proper or desirable (including the granting of liens, security interests, and superpriority administrative claims and the guaranteeing of affiliate obligations), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or instruments on behalf of the Company and/or file in the Bankruptcy Court such pleadings as may be necessary to make such debtor-in-possession facility or other form of credit support or enhancement binding and effective in respect thereof.

*Retention of Professionals*

RESOLVED, that each Authorized Person and, solely for the purpose of the resolution in this paragraph of this Consent, any officer of the Company be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firm White & Case LLP to act as restructuring counsel; the law firm Farnan LLP to act as Delaware restructuring counsel and conflicts counsel; Alvarez & Marsal to act as financial advisor; and Kroll Restructuring Administration LLC to act as claims and noticing agent and administrative advisor; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments,

2

modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person deems necessary or proper in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company), including the DIP Facility and refinancings or amendments thereof, with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business, and pursue and prosecute any chapter 11 plan or any alternative transactions available to the Company under the Bankruptcy Code; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, contracts, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, contracts, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects by the Board; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any agents of the Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Board; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons be, and each hereby is, authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Person shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and providing guaranties and granting liens in respect of the financing transactions contemplated herein; and it is further

RESOLVED, that each Authorized Person be, and each of them with full authority to act without the others hereby is, granted the power, at their discretion, to appoint and remove any substitutes in connection with any of the aforesaid purposes upon such terms as such Authorized Person shall deem proper, as well as the power to delegate each and every one of the powers contemplated by the foregoing resolutions; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by his or her execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed, and adopted in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for prior approval, including, but not limited to, all such actions taken by any director, officer, or employee of the Company; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Consent shall in no way be limited by any prior resolutions or similar documents, including the Company's approval and signature guidelines as adopted on December 9, 2019, and as amended from time to time.

*** 

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Written Consent to be delivered as of the date first written above.

By: _____
Name: Lawrence Rolnick
Title: Manager

By: _____
Name: Vik Jindal
Title: Manager

*[Signature Page to Written Consent of the Board of GT Real Estate Holdings, LLC – Chapter 11 Case]*

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Written Consent to be delivered as of the date first written above.

By: _____
    Name: Lawrence Rolnick
    Title:  Manager

By: */s/ Vik Jindal*_____
    Name: Vik Jindal
    Title:  Manager

[*Signature Page to Written Consent of the Board of GT Real Estate Holdings, LLC – Chapter 11 Case*]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| GT Real Estate Holdings, LLC, | ) Case No. 22-_____ (__) ) |
| Debtor.[1] | ) ) ) |

**DEBTOR'S LIST OF CREDITORS WHO HAVE THE 20 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

The above-above captioned debtor filed a voluntary petition in this Court on the date hereof (the "***Petition Date***") for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

The attached Form 204 (the "***Top 20 Unsecured Claims List***") is based on the Debtor's books and records as of the Petition Date and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 Unsecured Claims List does not include: (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value is known and places the creditor among the holder of the 20 largest unsecured claims; or (3) claims held by the Debtor's employees, to the extent applicable.

The information contained in the Top 20 Unsecured Claims List shall not constitute an admission of liability by, nor shall it be binding upon the Debtor, and nothing therein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. Moreover, the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtor's rights to contest the validity, priority, or amount of any claim.

---

[1] The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

Fill in this information to identify the case:
Debtor name __GT Real Estate Holdings, LLC__
United States Bankruptcy Court for the: __Delaware__
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Mascaro/Barton Malow, a Joint Venture<br>1720 Metropolitan Street<br>Pittsburgh, PA 15233 | Attn: John West<br>Title: Project Executive<br>Phone: (412) 215-0973<br>Email: jwest@mascaroconstruction.com | Trade | Disputed | | | $26,809,900 |
| 2 | York County, South Carolina<br>6 South Congress Street<br>P.O. Box 66<br>York, SC 29745 | Attn: David Hudspeth<br>Title: County Manager<br>Phone: (803) 684-8550<br>Email: county.manager@yorkcountygov.com | Contract Counterparty | Disputed | | | $21,000,000 |
| 3 | Populous Architects, P.C.<br>4800 Main Street<br>Kansas City, MO 64112 | Attn: Scott Radecic<br>Title: Senior Principal<br>Phone: (816) 221-1500<br>Email: Scott.Radecic@populous.com | Trade | Disputed | | | $784,534 |
| 4 | Terracon Consultants, Inc.<br>2701 Westport Rd<br>Charlotte, NC 28208-3608 | Attn: Ron Rothfuss<br>Title: Senior Project Manager<br>Phone: (704) 509-1777<br>Email: Ron.Rothfuss@terracon.com | Trade | | | | $211,686 |
| 5 | Land Design Inc.<br>223 North Graham Street<br>Charlotte, NC 28202 | Attn: Chad Kovaleski<br>Title: Principal<br>Phone: (704) 333-0325<br>Email: contactclt@landdesign.com | Trade | | | | $206,637 |
| 6 | Duke Energy<br>3450 Broad St<br>Suite 105<br>San Luis Obispo, CA 93401 | Attn: Kelly Ayler<br>Title: Senior Revenue Services Specialist<br>Phone: (805) 235-2104<br>Email: kelly.ayler@duke-energy.com | Trade | | | | $107,670 |
| 7 | S&ME, Inc<br>2724 Discovery Drive, Suite 120<br>Raleigh, NC 27616 | Attn: Robert Chad Bruorton<br>Title: Project Manager<br>Phone: (803) 561-9024<br>Email: | Trade | | | | $77,401 |
| 8 | PMC<br>101 W Worthington Ave, Suite 260<br>Charlotte, NC 28203 | Attn: Alexa Evans<br>Title: Account Executive<br>Phone: (704) 343-9199<br>Email: Alexa.Evans@pmc.works | Trade | | | | $52,835 |
| 9 | REC Solar<br>3450 Broad St<br>Suite 105<br>San Luis Obispo, CA 93401 | Attn: Kelly Ayler<br>Title: Senior Revenue Services Specialist<br>Phone: (805) 235-2104<br>Email: kelly.ayler@duke-energy.com | Trade | | | | $36,087 |
| 10 | Xenia Hospitality Group<br>11508 Providence Road<br>Charlotte, NC 29277 | Attn: Stratos Lambos<br>Title: CEO<br>Phone: (704) 622-7496<br>Email: stratos@xeniahospitality.com | Trade | | | | $35,000 |
| 11 | Brabendercox<br>108 S St SE<br>Box H<br>Leesburg, VA 20175 | Attn: Tiffany D'Alessandro<br>Title: Partner<br>Phone: (703) 896-5300<br>Email: | Trade | | | | $4,900 |
| 12 | SLS Boston Design<br>260 Patermo Ave<br>Coral Gables, FL 33134 | Attn: Michael Sheehan<br>Title: Principal<br>Phone: (305) 461-9852<br>Email: msheehan@slsfire.com | Trade | | | | $3,000 |
| 13 | CMTA, Inc.<br>One University Place<br>8801 J.M. Keynes Drive, Suite 240<br>Charlotte, NC 28262 | Attn: James Benson<br>Title: President<br>Phone: (704) 376-7072<br>Email: | Trade | | | | $2,001 |
| 14 | Kelley Vieregg Interior Design<br>2304 Sharon Road<br>Charlotte, NC 28207 | Attn: Kelley Vieregg<br>Title: Owner<br>Phone: (704) 572-0938<br>Email: info@kvidinteriors.com | Trade | | | | $1,625 |
| 15 | Johnston, Allison & Hord, P.A.<br>1065 East Morehead Street<br>Charlotte, NC 28204 | Attn: S. Kyle Agee<br>Title: Partner<br>Phone: (704) 332-1181<br>Email: kagee@jahlaw.com | Trade | | | | $1,506 |
| 16 | Heidi Edwards<br>115 Brown Road<br>Freeport, PA 16229 | Attn: Heidi Edwards<br>Title: Owner<br>Phone: (412) 292-7167<br>Email: edwardsh115@gmail.com | Trade | | | | $1,350 |
| 17 | City of Rock Hill<br>P.O. Box 11706<br>Rock Hill, SC 29731-1706 | Attn: David V. Vehaun<br>Title: City Manager<br>Phone: (803) 329-7017<br>Email: | Utility | | | | $115 |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>GT Real Estate Holdings, LLC,<br><br>Debtor.[1] | ) Chapter 11<br>)<br>) Case No. 22-_____ (__)<br>)<br>)<br>)<br>) |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, GT Real Estate Holdings, LLC (the "*Debtor*"), states as follows:

1.  Non-Debtor DT Sports Holding, LLC, whose address is located at 800 South Mint Street, Charlotte, NC 28202, owns 100% of the ownership interests in the Debtor.

2.  Non-Debtor Tepper Sports Holding, Inc. owns 100% of the ownership interests in Non-Debtor DT Sports Holding, LLC.

3.  The Debtor's corporate ownership structure is further described in the *Declaration of Jonathan Hickman, Chief Restructuring Officer of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings*, filed substantially contemporaneously herewith.

---

[1] The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

Fill in this information to identify the case and this filing:

Debtor Name: GT Real Estate Holdings, LLC

United States Bankruptcy Court for the: _____   District of Delaware (State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/01/2022         X 
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

Jonathan Hickman
Printed name

Chief Restructuring Officer
Position or relationship to debtor