## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GT Real Estate Holdings, LLC, | ) Case No. 22-10505 (KBO) |
| | ) |
| Debtor.[1] | ) |
| | ) |
| | ) **Re: Docket No. 3** |

## INTERIM ORDER (I) AUTHORIZING CONTINUED MAINTENANCE AND USE OF PREPETITION BANK ACCOUNT; (II) AUTHORIZING CONTINUED USE OF EXISTING CHECKS AND OTHER BUSINESS FORMS; (III) WAIVING THE DEPOSIT AND INVESTMENT REQUIREMENTS OF 11 U.S.C. § 345(b); AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "***Motion***")[2] of the Debtor for entry of an interim order (this "***Interim Order***"), pursuant to sections 105(a), 345, and 363 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rules 2015-2 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Bankruptcy Rules***"), (i) authorizing and approving the Debtor's continued maintenance and use of the Bank Account (as defined below), (ii) authorizing the Debtor to continue using its existing checks and other Business Forms, (iii) waiving, to the extent applicable and not otherwise met, the deposit and investment requirements of section 345(b) of the Bankruptcy Code, and (iv) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration

---

[1]     The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589).  The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

[2]     Capitalized terms used but not defined herein have the meaning given to them in the Motion.

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtor is authorized to maintain and continue to use its existing bank account (the "***Bank Account***") as identified on **Exhibit C** to the Motion.

3. The Bank Account is deemed a debtor-in-possession account.

4. The Debtor is authorized to use cash in the Bank Account (the "***Available Cash***") to pay administrative expenses in the ordinary course of business or to satisfy any immediate payment obligations authorized by an order entered by this Court in the above-captioned chapter 11 case.

5. By this Interim Order, the Court makes no ruling with respect to whether (a) the Available Cash is or is not subject to any lien; (b) any party is being adequately protected as a

result of the imposition of the automatic stay or the use of the Available Cash; or (c) whether any cash or other assets are property of the Debtor's estate, and all parties' rights are reserved with respect to the foregoing.

6.      The Debtor is authorized, in its sole discretion, to designate, maintain, and continue to use the Bank Account, with the same account number, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Account by all means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presents, or drawn on the Bank Account; (b) to pay all bank fees (if any) related to the Debtor's bank accounts; (c) to perform its obligations under the documents and agreements governing the Bank Account; and (d) to treat the Bank Account for all purposes as an account of the Debtor in its capacity as debtor in possession.

7.      To the extent applicable, the Debtor is granted a 30 day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtor's ability to seek a final waiver of those requirements.

8.      The Debtor is not required to (a) close existing bank accounts and open new debtor-in-possession accounts or (b) establish specific bank accounts for tax payments or cash collateral.

9.      Subject to the other provisions of this Interim Order, the Debtor may transfer funds into, out of, and through the Bank Account using ordinary transfer methods in accordance with the Debtor's prepetition practice

10.     The Debtor shall maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly.

11.     The Debtor and the applicable bank and/or financial institution (a "**Bank**") may agree, without further order of this Court, to implement any changes to the Bank Account in the

3

ordinary course of business in a manner consistent with the Debtor's prepetition practices as determined by the Debtor in its sole discretion.

12.    The Debtor is authorized to open any new bank accounts or close the Bank Account or any other existing bank accounts as it may deem necessary and appropriate in its sole discretion; *provided*, that the Debtor must give notice within fifteen (15) days to the U.S. Trustee and any statutory committee appointed in this chapter 11 case; and, *provided further*, that the Debtor shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or at such banks that are willing to immediately execute such an agreement.

13.    For Banks at which the Debtor holds accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days from the date of entry of this Order the Debtor shall (a) contact each Bank, (b) provide the Bank with the Debtor's employer identification number, and (c) identify the accounts held at such Bank as being held by a debtor in possession.

14.    For any Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause such Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of entry of this Order.

15.    The Debtor is authorized to pay and/or reimburse the applicable Bank in the ordinary course of business for all bank fees (if any) related to the Debtor's bank accounts arising prior to or after the Petition Date.

16.    All applicable Banks are authorized and directed, when requested (email shall suffice) by Jonathan Hickman, in his capacity as Chief Restructuring Officer (the "***CRO***") or any person that the CRO may designate on behalf of the Debtor in accordance with this Interim Order,

AMERICAS 114396697

without the need for further order of this Court, to: (a) continue to administer, service, and maintain the Bank Account as such account was administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "*Payments*"), whether before or after the Petition Date, and drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be, provided that the Court has authorized such Payment; *provided*, *however*, that no Payments (excluding any electronic fund transfers that the Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Account prior to the Petition Date shall be honored, unless (a) expressly authorized by this Court and the Debtor, (b) not otherwise prohibited by a "stop payment" request timely received by the Banks from the Debtor, and (c) sufficient funds are on deposit in the applicable accounts to cover such Payments.

17.    Subject to the provisions of this Interim Order, the Banks are authorized to rely on the representations of the Debtor as to which Payments are authorized to be honored or dishonored, whether or not such Payments are dated, drawn, or issued prior to, on, or subsequent to the Petition Date.  The Banks shall not be in violation of this Interim Order and shall have no liability for relying in good faith on such representations by the Debtor or honoring any Payment that is subject to this Interim Order either (a) at the direction of the Debtor to honor such prepetition Payment, (b) in the good faith belief that this Court has authorized such prepetition Payment to be honored, or (c) as a result of an innocent mistake.  To the extent that the Debtor directs that any Payment be dishonored or the Banks inadvertently dishonor any Payments, the Debtor may issue replacement Payments consistent with the orders of this Court.

18.    The Banks are further authorized to (a) honor the Debtor's directions with respect to the opening or closing of any bank account and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, and the Banks shall have no liability to any party for relying in good faith on such representations or instructions.

19.    The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected, provided that the Court has authorized such Payment.

20.    The Debtor is authorized to continue to use its existing checks and other Business Forms without alteration and without the designation "Debtor-in-Possession" imprinted upon them; *provided*, that once the Debtor's existing checks and other Business Forms have been used, the Debtor shall require the designation "Debtor-in-Possession" and this chapter 11 case number on all checks and other Business Forms reordered or printed by the Debtor itself.

21.    The Debtor shall serve a copy of this Interim Order on JPMorgan within five (5) business days of the entry of this Interim Order, and upon any bank at which the Debtor opens a new bank account immediately upon the opening of such new account.

22.    Absent further order of the Court, the Debtor is prohibited from making any intercompany transfers to non-Debtor affiliates or subsidiaries.

23.    The relief granted in this Interim Order extends to any new bank account opened by the Debtor, and in accordance with the provisions of this Interim Order, such account shall be deemed a "Bank Account," and to the bank at which such account is opened.

24.    The Debtor reserves all rights.  Without limiting the generality of the foregoing, but subject to paragraphs 17 and 18 of this Interim Order with respect to the Banks, nothing contained

AMERICAS 114396697

herein is or shall be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Further, and without limiting the generality of the foregoing, the Debtor expressly reserves all of its rights to contest any prepetition or postpetition claims or other obligations described in this Motion, including any postpetition payment made by the Debtor in accordance with this Motion, on for any reason.

25.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules, including Bankruptcy Rule 6004(a), and the Local Bankruptcy Rules are satisfied by such notice.

27.     Notwithstanding any Bankruptcy Rule to the contrary, including Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

28.     The Debtor is authorized and empowered, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement the relief granted in this Interim Order.

29.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

30.     The Final Hearing, if required, shall be held on June 29, 2022 at 10:00 a.m. (Eastern Time).  Any objections or responses to entry of a final order on the Motion must be filed on or before June 22, 2022 at 4:00 p.m. (Eastern Time).  If no objections to the entry of the final order on the Motion are timely filed, this Court may enter such final order without the need for the Final Hearing.

**Dated: June 6th, 2022**
**Wilmington, Delaware**

*Ka B. O*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

AMERICAS 114396697