IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GT Real Estate Holdings, LLC, | ) | Case No. 22-10505 (KBO) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |
| | ) | **Re: Docket No. 11** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN EXISTING INSURANCE POLICIES, (B) PAY ALL OF THE DEBTOR'S INSURANCE OBLIGATIONS, AND (C) RENEW, REVISE, EXTEND, SUPPLEMENT, CHANGE, OR ENTER INTO NEW INSURANCE POLICIES; AND
(II) GRANTING RELATED RELIEF**

Upon the motion (the "*Motion*")[2] of the Debtor for entry of an interim order (this "*Interim Order*"), pursuant to sections 105(a), 363, 1107(a), and 1108 of title 11 of the United States Code (the "*Bankruptcy Code*"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Bankruptcy Rules*"), (i) authorizing, but not directing, the Debtor to (a) continue and maintain existing Insurance Policies, (b) pay on an uninterrupted basis, whether arising prepetition or postpetition, all of the Debtor's Insurance Obligations, and (c) renew, revise, extend, supplement, change, or enter into new insurance coverage (including, without limitation, any new OCIP Policies) and engage in any related transactions as needed in the Debtor's business judgment without further order of this Court, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

[2] Capitalized terms used but not defined herein have the meaning given to them in the Motion.

in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtor is authorized, but not directed, to maintain existing Insurance Policies and to pay all of the Debtor's Insurance Obligations arising under or in connection with the Insurance Policies as such Insurance Obligations become due, whether prepetition or postpetition, including obligations related to any renewal or extension under the Insurance Policies; *provided*, *however*, any payments made to satisfy Insurance Obligations shall not exceed $1,209,000, pending entry of a final order.

AMERICAS 114412413

3. The Debtor is authorized, but not directed, to continue using any insurance broker it currently uses and to retain any other insurance broker as the Debtor deems appropriate in its business judgment, and to pay any related broker fees that may come due in the ordinary course during this chapter 11 case.

4. Without further order of this Court, the Debtor is authorized, but not directed, to renew, revise, extend, supplement, or change any of the Insurance Policies, or enter into new insurance coverage and engage in any related transactions as needed in the Debtor's reasonable business judgment, including, without limitation, any new OCIP Policies.

5. The Construction Manager and all applicable banks and financial institutions (collectively, the "***Banks***") are authorized and directed, when requested (email shall suffice) by Jonathan Hickman, in his capacity as Chief Restructuring Officer (the "***CRO***") or any person that the CRO may designate on behalf of the Debtor in accordance with this Interim Order, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "***Payments***"), on account of the relief requested in the Motion, whether such Payments were submitted before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments and that the Construction Manager or any such Bank, as applicable, shall not have any liability to any party for relying in good faith on such direction by the Debtor. For the avoidance of any doubt, the Construction Manager shall not pay any prepetition claim against the Debtor without the prior approval of the CRO.

6. For the avoidance of doubt, to the extent the Debtor directs the Construction Manager to make any Payments on account of the relief requested in the Motion on behalf of the Debtor using cash from a bank account held by the Construction Manager (and not, for the

avoidance of doubt, using cash from any bank account held by the Debtor), the Debtor shall reimburse the Construction Manager for the full amount of such payment and the Construction Manager shall not have any liability to any party for relying in good faith on such direction by the CRO on behalf of the Debtor.

7. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

8. The Debtor reserves all rights. Without limiting the generality of the foregoing, but subject to paragraphs 5 and 6 of this Interim Order with respect to the Banks and the Construction Manager, nothing contained herein is or shall be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Further, and without limiting the generality of the foregoing, the Debtor expressly reserves all of its rights to contest any prepetition or postpetition claims or other

AMERICAS 114412413

obligations described in this Motion, including any postpetition payment made by the Debtor in accordance with this Motion, on for any reason.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules, including Bankruptcy Rule 6004(a), and the Local Bankruptcy Rules are satisfied by such notice.

11. Notwithstanding any Bankruptcy Rule to the contrary, including Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

12. The Debtor is authorized and empowered, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement the relief granted in this Interim Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

14. The Final Hearing, if required, shall be held on June 29, 2022 at 10:00 a.m. (Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before June 22, 2022 at 4:00 p.m. (Eastern Time). If no objections to the entry of the final order on the Motion are timely filed, this Court may enter such final order without the need for the Final Hearing.

Dated: June 6th, 2022
Wilmington, Delaware

*Ka B. O___*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

AMERICAS 114412413