IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| GT Real Estate Holdings, LLC, | Case No. 22-10505 (KBO) |
| Debtor. | **Related to Docket No. 9** |

**OBJECTION OF MSS SOLUTIONS, LLC AND MSS FIRE & SECURITY, LLC TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

MSS Fire & Security, LLC and MSS Solutions, LLC (together, "MSS") by and through its undersigned counsel, hereby files this objection to the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Liens and Super-Priority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 9] ("DIP Motion") and respectfully state as follows:

**PRELIMINARY STATEMENT**

Prior to the Petition Date (as hereinafter defined), MSS provided the Debtor with labor, equipment, materials, tools, freight, sales tax, business licenses, permits and supervision required to provide security work for the Debtor's new training facility and development project on certain real property located in York County, South Carolina (the "Property"). MSS also furnished labor, material, tools, equipment, freight, sales tax, business licenses, permits and supervision required to provide a complete and functional HVAC for the Property. Despite this fact, MSS has not been paid in full or otherwise fully compensated for its labor, equipment, materials, tools, freight, sales

tax, business licenses, permits and supervision. As a result, MSS holds two valid priority mechanics' liens against the Property for the relevant work performed, and materials and equipment provided. MSS has perfected its liens based on pre-petition work and materials and equipment provided pre-petition, as evidenced by the Notices of Mechanic's Lien & Certificate of Mechanic's Lien attached hereto as Exhibit A (together, the "Liens") that have been filed in the appropriate jurisdiction. As such, MSS files this Objection to the extent that the Debtor seeks to subordinate MSS's Liens to the DIP Liens through the relief sought in the DIP Motion.

## BACKGROUND

1. On June 1, 2022 (the "Petition Date"), the Debtor commenced a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2. The Debtor is authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, MSS provided the Debtors with certain labor, materials, equipment and services at the at the Property. However, the Debtors have not paid MSS in full. Specifically, the total amount owed to MSS is no less than $90,554.00 for the security work and no less than $1,784,176.00 for the HVAC work. As a result, MSS maintains two valid priority mechanics' liens as to the Property. The Liens were filed on June 2, 2022.

4. On June 13, 2022, MSS Fire & Security filed its Notice of Lien in this case. See D.I. 77. On the same date, Notice of Lien Filed by MSS Solutions, LLC filed its Notice of Lien in this case. See D.I. 78.

5. On June 2, 2022, the Debtors filed the DIP Motion seeking interim and final approval of the DIP Facility to be funded by the DIP Lenders, in exchange for various liens.

**OBJECTION AND RESERVATION OF RIGHTS**

6.     Through the DIP Motion, the Debtor seeks the authorization to grant DIP Liens, as defined in the DIP Motion, in connection with the DIP Facility. The DIP Facility authorizes the Debtor to obtain postpetition financing contemplated by a secured superpriority debtor-in-possession credit facility with the aggregate principal amount of up to $20,000,000. The proposed DIP financing is subordinate to "Permitted Liens". "Permitted Liens", in turn, are defined as, among other things, "Liens in favor of warehouseman, landlords, carriers, mechanics, materialmen, laborers, or suppliers, incurred in the ordinary course of business and not in connection with the borrowing of money, and which Liens either (x) are for sums not yet overdue for more than 60 days or which constitute Permitted Mechanic's Liens, or (y) are the subject of Permitted Protests . . ."

6.     "Permitted Mechanic's Liens", in turn, are defined as "valid mechanic's liens arising under S.C. Code 29-5-10 that exist as of the Petition Date (solely to the extent any such mechanics' liens remain in existence and are not dissolved pursuant to S.C. Code Ann. 29-5-90 after the Petition Date)."

7.     The definition of Permitted Mechanic's Liens is too narrow, as it would exclude the MSS Liens since they were filed a day after the Petition Date. MSS's liens are protected by the safe harbor of Section 546(b). Further, under South Carolina law, a lien relates back to the time the work is performed ("a person to whom a debt is due for labor performed or furnished or for materials furnished. . .shall have a lien upon the building or structure and upon the interest of the owner of the building or structure…." S.C. Code Ann § 29-5-10 (the "Lien Law").

8.     A mechanics' lien under the Lien Law "arises, inchoate, when the labor is performed or the materials are furnished". *Preferred Sav. & Loan Ass'n, Inc. v. Royal Garden Resort, Inc.*, 295 S.C. 268, 272, 368 S.E.2d 78, 81 (Ct. App. 1988), aff'd 301 S.C. 1, 389 S.E.2d

3

853 (1990).

9. As such, MSS's Liens should be included as a "Permitted Lien" or otherwise offered adequate protection. MSS does not consent to the subordination of its Liens.

10. MSS files this Objection without prejudice to, and with full reservation of, MSS's rights to supplement this Objection in advance of or in connection with the hearing on the DIP Motion. MSS joins in any other objections to the DIP Motion to the extent not inconsistent with the objections made herein. MSS further reserves (and nothing herein shall constitute a waiver, expressly or implicitly, of) all rights under the Bankruptcy Code or applicable non-bankruptcy law with respect to the DIP Motion and any relief requested therein. Finally, MSS reserves (and nothing herein shall constitute a waiver, expressly or implicitly, of) all rights to introduce or otherwise use any and all evidence elicited through discovery in the above-captioned case in support of any of the objections raised herein or by supplement to this Objection.

WHEREFORE, MSS respectfully requests that this Court deny any proposed order approving the DIP Motion unless and until the mechanics' liens of MSS are carved out of the relief sought in the DIP Motion such that MSS's position as a mechanics' lienholder is adequately protected, and grant such other relief as this Court deems just and proper.

Dated: June 22, 2022                     GELLERT SCALI BUSENKELL & BROWN LLC

*/s/ Michael G. Busenkell*
Michael G. Busenkell (DE 3933)
1201 North Orange Street, 3rd Floor
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Email: mbusenkell@gsbblaw.com

*Counsel for MSS Fire & Security, LLC and MSS Solutions, LLC*