# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GT Real Estate Holdings, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10505 (KBO)<br><br>**Hearing Date:**<br>June 29, 2022 at 10:00 a.m. (ET)<br>**Objection Deadline:**<br>June 29, 2022 at 10:00 a.m. (ET)<br><br>RE: D.I. 9 |

## DEBTOR'S MOTION FOR LEAVE TO FILE AND SERVE A LATE REPLY IN SUPPORT OF MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

GT Real Estate Holdings, LLC, the above-captioned debtor and debtor in possession (the "*Debtor*"), states as follows in support of this motion (this "*Motion for Leave*"):[2]

### BACKGROUND

1. On June 1, 2022 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case. To date, no committees have been appointed or designated.

---

[1] The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

[2] In support of the Motion, the Debtor relies upon and incorporates by *reference the Declaration of Jonathan Hickman, Chief Restructuring Officer of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings* (the "*First Day Declaration*") [D.I. 8]. Capitalized terms used but not defined herein have the meaning given to them in the First Day Declaration.

2.  The Debtor was created to own and develop a mixed-use, pedestrian-friendly community, sports, and entertainment venue, that would also include a new headquarters and practice facility for the Carolina Panthers, a National Football League team, situated on a 234-acre site located in Rock Hill, South Carolina (the "*Project*").  The Debtor acquired a site for the Project and entered into various agreements with certain governmental authorities as well as providers of design, construction, and other services to support the development of the Project.  For the reasons discussed in the First Day Declaration, the Debtor suspended further development of the Project in March 2022.

3.  Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of this chapter 11 case, is set forth in detail in the First Day Declaration.

## JURISDICTION

4.  This Court has jurisdiction over the Motion for Leave pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion for Leave in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

5.  The statutory bases for the relief requested herein are sections 105(a), 363, 364(c), 1107(a) and 1108 of the Bankruptcy Code, and Bankruptcy Rule 6004(h).

6.  Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RELIEF REQUESTED

7.  Pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"),

the Debtor requests entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to file and serve a late reply (the "***Reply***") beyond the deadline set forth in Local Rule 9006-1(d), in support of Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to obtain Post-Petition Financing, (II) Granting Liens and Super-Priority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [D.I. 9] (the "***DIP Motion***").

## BASIS FOR RELIEF

8.  Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." The agenda for the hearing related to the DIP Motion is due at noon on June 27, 2022. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply is 4:00 p.m. (EDT) on June 24, 2022 (the "***Reply Deadline***"). In response to the DIP Motion, the Debtor's received objections from seven parties: 1) MSS Solutions, LLC and MSS Fire & Security, LLC [D.I. 92]; 2) City of Rock Hill [D.I. 96]; 3) Mascaro/Barton Malow, a Joint Venture ("***MBM***") [D.I. 97]; 4) York County, South Carolina [D.I. 98]; 5) Precision Walls, Inc. [D.I. 99]; 6) Crown Corr, Inc. [D.I. 101]; and 7) SteelFab, Inc. and Warco Construction, Inc. [D.I. 103].

9.  The Debtor was only given notice (twenty-four hours prior to the objection deadline) that MBM had some questions regarding the DIP Motion and proposed order. None of the other objecting parties reached out to the Debtor prior to the objection deadline in regards to the Motion. The requested extension of time to file the Reply will allow the Debtor more time to seek resolution of the objections and otherwise narrow the issues to be presented to the Court at the hearing. For these reasons, the Debtor respectfully submits that cause exists to grant the relief

requested by this Motion to Leave and approve an extension of time by which to file the Reply under Local Rule 9006-1(d).

## NOTICE

10. The Debtor will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in view of the nature of the relief requested, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

11. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein to allow the Debtor to file and serve a late Reply and grant any further relief as the Court may deem just and proper.

[*Remainder of page intentionally left blank.*]

Dated: June 24, 2022

Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:    (302) 777-0300
Email: farnan@farnanlaw.com
          bfarnan@farnanlaw.com
          mfarnan@farnanlaw.com

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Varoon Sachdev (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
Email: tlauria@whitecase.com
          varoon.sachdev@whitecase.com

Stephen Moeller-Sally (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 446-4800
Email: ssally@whitecase.com
          mark.franke@whitecase.com
          brandon.batzel@whitecase.com

William A. Guerrieri (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:    (312) 881-5400
Email: william.guerrieri@whitecase.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*