IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GT Real Estate Holdings, LLC, | ) ) | Case No. 22-10505 (KBO) |
| Debtor.[1] | ) ) ) | **Re: Docket Nos. 112, 113** |

**DEBTOR'S OBJECTION TO MOTION TO SHORTEN TIME FOR NOTICE
OF THE HEARING ON, AND THE DEADLINE TO RESPOND TO, MOTION OF
MASCARO/BARTON MALOW, A JOINT VENTURE, TO TRANSFER VENUE TO
THE BANKRUPTCY COURT FOR THE DISTRICT OF SOUTH CAROLINA**

GT Real Estate Holdings, LLC, the above-captioned debtor and debtor in possession (the "***Debtor***"), hereby respectfully submits this objection (this "***Objection***") to the *Motion to Shorten Time for Notice of the Hearing on, and the Deadline to Respond to, Motion of Mascaro/Barton Malow, a Joint Venture, to Transfer Venue to the Bankruptcy Court for the District of South Carolina* [D.I. 113] (the "***Motion to Shorten***"), through which Mascaro/Barton Malow, a Joint Venture ("***MBM***"), seeks to expedite consideration of its *Motion of Mascaro/Barton Malow, a Joint Venture, to Transfer Venue to the Bankruptcy Court for the District of South Carolina* [D.I. 112] (the "***Venue Transfer Motion***" and, together with the Motion to Shorten, the "***Motions***").[2]

**ARGUMENT**

1.   MBM does not, and cannot, identify any valid reason to expedite consideration of the Venue Transfer Motion. Moreover, to do so would be prejudicial to those parties, including the Debtor, its parent (the proposed DIP lender in this chapter 11 case), and any other parties in

---

[1]   The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

[2]   Capitalized terms used but not defined herein have the meaning given to them in the Motion to Shorten or the Venue Transfer Motion, as applicable.

AMERICAS 114852749

interest in this case, who may oppose the relief requested in the Venue Transfer Motion. Tellingly, MBM fails to mention a single other party that supports the relief requested in either the Motion to Shorten or the Venue Transfer Motion – the only parties that it admits it consulted with prior to the filing (the Debtor and the United States Trustee for the District of Delaware (the "***U.S. Trustee***")) both declined to support the Motion to Shorten). Accordingly, the Motion to Shorten should be denied.

2. As a movant seeking to expedite a hearing on its Venue Transfer Motion, MBM must demonstrate the existence of "cause" to shorten notice as required by Bankruptcy Rule 9006. Further, Local Rule 9006-1(e) requires the movant to "specify[] the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (stating that in exercising its "discretion to set an expedited schedule for the hearing of a substantive motion" a bankruptcy court "should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis").

3. *First*, MBM received notice of the Debtor's bankruptcy filing on June 1, 2022 (the "***Petition Date***"), and counsel for MBM entered an appearance in this chapter 11 case on June 6, 2022 [*see* D.I. 45]. None of the arguments raised in the Venue Transfer Motion are based on new developments in recent days. As such, MBM had ample time to file a pleading to be heard at the hearing scheduled for June 29, 2022 at 10:00 a.m. (the "***Second Day Hearing***") on normal notice in accordance with Local Rule 9006-1(c). *See* Del. Bankr. L.R. 9006-1(c)(i) (providing that "all motion papers shall be filed and served in accordance with Local Rule 2022-1(b) at least fourteen days prior to the hearing date"). Having taken 23 days to decide to file its Venue Transfer Motion, MBM has failed to explain why its delay in filing the Venue Transfer Motion would justify expediting the hearing and shortening the Debtor's time to respond to just two business days.

2

4.  *Second*, MBM's singular argument for its request to shorten notice is that the Venue Transfer Motion should be heard before final consideration of the Debtor's *Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtor To Obtain Postpetition Financing, (II) Granting Liens And Super Priority Claims, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* [D.I. 9] (the "**DIP Motion**") (*see* Motion to Shorten ¶9).  Put differently, MBM is seeking to expedite the Venue Transfer Motion for the sole purpose of collaterally attacking the Debtor's DIP Motion.

5.  The Venue Transfer Motion has nothing to do with the DIP Motion.  MBM's stated concerns about party travel time and proximities of witnesses to the proceeding (which is actually taking place virtually) simply do not relate to whether the Debtor can function without additional financing or whether the financing proposed in the DIP Motion is appropriate.  Put simply, the issues raised in the Venue Transfer Motion do not need to be considered simultaneously with the DIP Motion.

6.  In any event, MBM has already filed a very detailed objection to the DIP Motion, and those concerns will be heard by this Court at the Second Day Hearing.  MBM can ably present its concerns regarding the DIP Motion in this Court just as well as it could in a South Carolina bankruptcy court, and deciding the DIP Motion while this chapter 11 case is in Delaware will not prejudice MBM in any way.

7.  Further, MBM has failed to identify any court that has allowed a creditor to derail consideration of a debtor-in-possession financing by a last-minute request to change venue, and the Debtor has not found any Third Circuit case that would support this position.  Nor does MBM make any effort to cite cases where a motion to change venue has been heard on such little notice as MBM is requesting (presumably because none exist).  In fact, other than citing *Philadelphia*

3

*Newspapers* for the standard that courts apply in determining whether to expedite a hearing, MBM does not cite a single case in support of the substance of its Motion to Shorten.

8. *Third*, the Motion to Shorten fails to address prejudice to those parties that may wish to oppose the Venue Transfer Motion and may be denied for this reason alone. *See In re Villareal*, 160 B.R. 786, 788 (Bankr. W.D. Tex. 1993) ("[T]he Motion to expedite should address the question of prejudice to other parties otherwise entitled to notice."). Instead, MBM simply offers the conclusory statement that "no party in interest will be prejudiced by setting the Venue Transfer Motion on shortened notice" (Motion to Shorten ¶11). MBM is plainly wrong. Per the Local Rules, an objecting party in interest would ordinarily have at least 7 days to submit an objection to the relief requested in the Venue Transfer Motion. *See* Del. Bankr. L.R. 9006-1(c)(ii). Here, MBM seeks to reduce the time for the Debtor and other affected parties to object to only two business days.

9. Moreover, a motion to transfer venue is a fact-intensive inquiry and MBM bears the burden to demonstrate that that "transfer is appropriate by a preponderance of the evidence." *RCS Creditor Tr. v. Schulte Roth & Zabel LLP (In re RCS Capital Corp.)*, No. 16-10223 (MFW), 2018 Bankr. LEXIS 1495, at *4 (Bankr. D. Del. May 17, 2018) (quoting *Paul H. Shield, MD, Inc. v. Northfield Labs. Inc. (In re Northfield Labs. Inc.)*, 467 B.R. 582, 590 (Bankr. D. Del. 2010)). The Debtor merely asks that the Court give it an appropriate amount of time to respond to the Venue Transfer Motion (which asserts numerous "facts" without any affidavit or other evidentiary support). An issue as important as upending the Debtor's choice of venue should not be considered and litigated in such a short period of time and on an incomplete evidentiary record. Given the significant effort invested by the Debtor in pursuing relief in Delaware, and the disruption that

would occur if the Court grants the Venue Transfer Motion weeks into this chapter 11 case, the Debtor submits that it would be unfairly prejudiced by shortening the notice period.

10. *Fourth*, time is not "of the essence" (Motion to Shorten ¶10).  The Debtor has an omnibus hearing scheduled for July 20, 2022 (the "***July Omnibus Hearing***"), at which time the Court could consider the Venue Transfer Motion under proper notice.  MBM has not set forth a single fact which suggests that the Venue Transfer Motion cannot be heard on normal notice at the July Omnibus Hearing.  MBM has not alleged any harm will occur if the Venue Transfer Motion is set for the July Omnibus Hearing.  There are no imminent issues or exigent circumstances related to South Carolina facts or law set to be decided before the July Omnibus Hearing.  As such, the Debtor believes that expedited consideration of the Venue Transfer Motion is not warranted.

11. *Fifth*, as MBM noted in its averment to the Motion to Shorten, the U.S. Trustee also objects to the Venue Transfer Motion being heard at the Second Day Hearing (Motion to Shorten ¶13).

12. MBM has failed to justify expedited treatment for its Venue Transfer Motion.  The Court's consideration of the Venue Transfer Motion under an expedited schedule will not benefit the Debtor, its creditors, or other parties in interest.  The filing of the Venue Transfer Motion accompanied by the Motion to Shorten after the close of business hours on the Friday evening before the Second Day Hearing is not emergent, and is instead designed to avoid due process as a practical matter.  MBM's request should be denied.

WHEREFORE, the Debtor respectfully requests that this Court issue an order denying the Motion to Shorten and for such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank.*]

AMERICAS 114852749

Dated:  June 26, 2022

Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:	(302) 777-0300
Email:	farnan@farnanlaw.com
	bfarnan@farnanlaw.com
	mfarnan@farnanlaw.com

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Varoon Sachdev (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:	(305) 371-2700
Email:	tlauria@whitecase.com
	varoon.sachdev@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
Stephen Moeller-Sally (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:	(212) 446-4800
Email:	cshore@whitecase.com
	ssally@whitecase.com
	mark.franke@whitecase.com
	brandon.batzel@whitecase.com

William A. Guerrieri (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:	(312) 881-5400
Email:	william.guerrieri@whitecase.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*