## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GT Real Estate Holdings, LLC, | ) Case No. 22-10505 (KBO) |
| | ) |
| Debtor.[1] | ) |
| | ) **Hearing Date:** |
| | ) July 20, 2022 at 11:00 a.m. (ET) |
| | ) **Objection Deadline:** |
| | ) July 13, 2022 at 4:00 p.m. (ET) |

### DEBTOR'S MOTION FOR ESTABLISHMENT OF PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS (IF ANY)

GT Real Estate Holdings, LLC, the above-captioned debtor and debtor in possession (the "***Debtor***"), states as follows in support of this motion (this "***Motion***"):[2]

### RELIEF REQUESTED

The debtor and debtor in possession (the "**Debtor**") in the above-captioned case hereby file this Motion for entry of an order substantially in the form attached hereto as **Exhibit A** (the "***Order***") establishing procedures for interim compensation and reimbursement of expenses for chapter 11 professionals and committee members (if any), and respectfully represent as follows:

### JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

[2] In support of the Motion, the Debtor relies upon and incorporates by reference the *Declaration of Jonathan Hickman, Chief Restructuring Officer of GT Real Estate Holdings, LLC, in Support of the Chapter 11 Petition and First Day Pleadings* (the "***First Day Declaration***") [D.I. 8]. Capitalized terms used but not defined herein have the meaning given to them in the First Day Declaration.

February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this

chapter 11 case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested by this Motion are sections 105 and 331 of

title 11 of the United States Code (the "***Bankruptcy Code***"), rule 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "***Local Bankruptcy Rules***").

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor consents to the entry of a

final judgment or order with respect to this Motion if it is determined that this Court lacks Article

III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### I.      General Background

4.      On June 1, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code with the Court.  The Debtor continues to operate its

business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code.  No trustee or examiner has been appointed in this chapter 11 case.  To

date, no committees have been appointed or designated.

5.      The Debtor was created to own and develop a mixed-use, pedestrian-friendly

community, sports, and entertainment venue, that would also include a new headquarters and

practice facility for the Carolina Panthers, a professional American football team, situated on a

240-acre site located in Rock Hill, South Carolina (the "***Project***").  The Debtor acquired a site for

the Project and entered into various agreements with certain governmental authorities as well as

providers of design, construction and other services to support the development of the Project.

6.      Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of this chapter 11 case, is set forth in detail in the First Day Declaration.

**II.      Background Facts Specific to the Motion**

7.      Contemporaneously herewith, the Debtor filed applications to retain White & Case LLP ("***White & Case***") as bankruptcy counsel, Farnan LLP. ("***Farnan***") as co-counsel, Alvarez & Marsal North America, LLC ("***A&M***") as restructuring advisor, and Kroll Restructuring Administration LLC ("***Kroll***") as administrative advisor in this case pursuant to sections 105, 327(a), (e), 328, or 363(b) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).  The Debtor may file additional applications in the future to retain other professionals. Moreover, if a committee (each, a "***Committee***") is appointed, the Committee will likely seek to retain counsel and other professionals to represent and advise the Committee (such counsel or other professionals of the Committee, together with White & Case, Farnan, A&M, Kroll, and any other professional retained in this chapter 11 case, the "***Professionals***," or each, a "***Professional***").

**PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES**

8.      By this Motion, the Debtor seeks entry of the Order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, establishing an orderly, regular process for allowance and payment of compensation and reimbursement of expenses for Professionals whose services are authorized by this Court and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, thereby enabling the Court and all parties in interest to monitor fees incurred more effectively and on a current basis.  In addition, the Debtor seeks entry of an order establishing a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee, if any.

3

9.    <u>Proposed Monthly Compensation Procedures</u>.  Specifically, the Debtor requests that the Court permit the Professionals to be compensated for services rendered and reimbursed for expenses incurred pursuant to monthly interim applications in accordance with the following procedures (the "***Compensation Procedures***"):

(a)    **<u>Monthly Fee Applications</u>.**  On or after the twentieth (20th) day of each calendar month, each Professional seeking interim compensation may file an application (a "***Monthly Fee Application***") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month and serve a copy of such Monthly Fee Application on the following parties in accordance with the Local Rules (collectively, the "***Notice Parties***"):

    i.    the Debtor, c/o GT Real Estate Holdings, LLC, 800 South Mint Street, Charlotte, NC 28202 (Attn: David Vaught);

    ii.    proposed counsel to the Debtor:

        a.    Farnan LLP, 919 North Market Street, 12th Floor, Wilmington, DE 19801 (Attn: Michael J. Farnan, Esq.);

        b.    White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095 (Attn: Stephen E. Ludovici, Esq.);

    iii.    the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Jane Leamy, Esq.); and

    iv.    to the extent applicable, counsel to the Committee appointed in these cases pursuant to section 1102 of the Bankruptcy Code.

(b)    Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the twenty-first (21st) day after service of a Monthly Fee Application to object thereto (the "***MFA Objection Deadline***").  Upon expiration of the MFA Objection Deadline, the Professional may file a certificate of no objection with the Court after which the Debtor is authorized to pay each Professional an amount (the "***Actual Monthly Payment")*** equal to the lesser of:

    i.    80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "***Maximum Monthly Payment***"); and

    ii.    80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (d) below.

(c)     If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection with the Court on or before the MFA Objection Deadline and serve its objection on the affected Professional and each of the Notice Parties. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection within twenty-one (21) days after service of the objection, the affected Professional may either:

i.      file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "***Incremental Amount***"); or

ii.     forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

(d)     **Interim Fee Applications.** At three-month intervals, each of the Professionals shall file with the Court and serve on the Notice Parties an application (an "***Interim Fee Application***") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "***Interim Fee Period***").

(e)     The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.

(f)     Subject to subparagraph (m) below, each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional shall file its first Interim Fee Application on or before October 17, 2022, which Interim Fee Application will cover the period from the Petition Date through and including August 31, 2022.

(g)     Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the twenty-first (21st) day after service of an Interim Fee Application to object thereto.

(h)     The Debtor shall request a hearing on pending Interim Fee Applications every three months or at such other intervals as the Court deems appropriate.

(i)     If an Interim Fee Application is allowed by order of the Court, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

(j)     **General Provisions.** The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(k)     Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

(l)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive monthly or interim payments of fees or expenses, as applicable, with respect to any such period until such time as a Monthly Fee Application or an Interim Fee Application for such period is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(m)     Professionals shall file final applications for compensation and reimbursement (collectively, the "***Final Fee Applications***") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court.

(n)     All Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court, and (with respect to each Professional that is an attorney) shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "***UST Guidelines***").

(o)     Only the Notice Parties are required to be served with the Monthly Fee Applications and Interim Fee Applications.[3]

(p)     The Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

(q)     All time periods referenced in these Compensation Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

10.     <u>Proposed Committee Member Expenses Procedure</u>.  If a Committee is appointed, the Debtor proposes that the members of the Committee be permitted to obtain reimbursement for reasonable out-of-pocket expenses incurred in connection with Committee membership (excluding

---

[3] If any other party requests a copy of any of the fee applications, the Debtor will furnish that party with the requested copies at the Debtor's expense.

Committee member counsel). Each Committee member, if any, may submit statements of expenses and supporting vouchers and receipts to Committee counsel, if any, who will collect the same and based thereon submit a comprehensive request for reimbursement to the Debtor in accordance with the above procedures for Professionals.

## BASIS FOR RELIEF

11. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 of the Bankruptcy Code allows Professionals rendering services in this chapter 11 case to receive payment of fees and expenses only three times per year.

12. Congress' intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 4142 (1978).

13. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As demonstrated below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures

providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have approved interim compensation procedures to avoid having the professionals fund the debtor's reorganization proceedings. *See id*. at 897.

14.    Procedures comparable to those proposed herein have been approved in other chapter 11 cases in this District. *See*, *e.g.*, *EYP Grp. Holdings, Inc.*, No. 22-10367 (MFW) (Bankr. D. Del. Jun. 3, 2022) [D.I. 181]; *In re Ruby Pipeline, L.L.C.*, No. 22-10278 (CTG) (Bankr. D. Del. May 24, 2022) [D.I. 131]; *Ector County Energy Center, LLC*, No. 22-10320 (JTD) (Bankr. D. Del. May 06, 2022); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [D.I. 173]; *In re Alto Maipo Del. LLC*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021) [D.I. 162]; *In re Alpha Latam Mgmt, LLC*, No. 21-11109 (JKS) (Bankr. D. Del. Sept. 13, 2021) [D.I. 178]; *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) (Bankr. D. Del. Jul. 14, 2021) [D.I. 181]; *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del Mar. 31, 2021) [D.I. 117]; *In re PBS Brand Co., LLC*, Case No. 20-13157 (JTD) (Bankr. D. Del. Feb. 17, 2021) [D.I. 302].

15.    The Compensation Procedures proposed herein will enable the Debtor to monitor closely the costs of administration, maintain a level cash flow, and implement efficient cash management procedures. Moreover, these procedures will also allow the Court and the key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

## NOTICE

16.     The Debtor will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the DIP Lender;[4] (d) the Construction Manager; (e) the United States Attorney for the District of Delaware; (f) the state attorney general for South Carolina; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the City; (j) the County; (k) the South Carolina Department of Revenue; (l) the Banks; (m) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in view of the nature of the relief requested, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully request entry of the Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

---

[4] The term "DIP Lender" is defined in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Super-Priority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 9].

Dated:  June 28, 2022

Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:      (302) 777-0300
Email:              farnan@farnanlaw.com
                        bfarnan@farnanlaw.com
                        mfarnan@farnanlaw.com

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Varoon Sachdev (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
Email:              tlauria@whitecase.com
                        varoon.sachdev@whitecase.com

Stephen Moeller-Sally (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 446-4800
Email:              ssally@whitecase.com
                        mark.franke@whitecase.com
                        brandon.batzel@whitecase.com

William A. Guerrieri (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:      (312) 881-5400
Email:              william.guerrieri@whitecase.com

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*