IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GT Real Estate Holdings, LLC, | ) | Case No. 22-10505 (KBO) |
| | ) | |
| Debtor.¹ | ) | **Hearing Date:** |
| | ) | July 20, 2022 at 11:00 a.m. (ET) |
| | ) | **Objection Deadline:** |
| | ) | July 13, 2022 at 4:00 p.m. (ET) |

**DEBTOR'S MOTION FOR ORDER (I) EXTENDING THE DEADLINES
BY WHICH THE DEBTOR MAY REMOVE CIVIL ACTIONS
AND (II) GRANTING RELATED RELIEF**

GT Real Estate Holdings, LLC, the above-captioned debtor and debtor in possession (the "***Debtor***"), states as follows in support of this motion (this "***Motion***"):²

**RELIEF REQUESTED**

1. Pursuant rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the time period by which the Debtor may file notices of removal of claims and causes of action initiated prior to the commencement of this chapter 11 case pursuant to 28 U.S.C. § 1452 (the "***Pre-Petition Removal Deadline***") will expire on August 30, 2022.³ The Debtor seeks entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**, (a) extending the current Pre-Petition Removal Deadline by 120 days, from August 30, 2022 through and including December 28, 2022 (the "***Extended Pre-Petition Removal Deadline***"); and (b) extending the time period by which the Debtor may file notices of removal of claims and causes

---

¹ The Debtor and the last four digits of its taxpayer identification number are: GT Real Estate Holdings, LLC (9589). The location of the Debtor's principal office is 800 South Mint Street, Charlotte, NC 28202.

² In support of the Motion, the Debtor relies upon and incorporates by *reference the Declaration of Jonathan Hickman, Chief Restructuring Officer of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings* (the "***First Day Declaration***") [D.I. 8]. Capitalized terms used but not defined herein have the meaning given to them in the First Day Declaration.

³ Bankruptcy Rule 9027(a)(2) provides that this time period will expire ninety (90) days from the Petition Date.

of action initiated after the commencement of this chapter 11 case pursuant to 28 U.S.C. § 1452 (the "**Post-Petition Removal Deadline**" and, together with the Pre-Petition Removal Deadline, the "**Removal Deadlines**") to the later of: (i) December 28, 2022 and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e., the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "**Extended Post-Petition Removal Deadline**").[4]

2. The Debtor further request that the Order approving this Motion be entered without prejudice to (a) any position the Debtor may take regarding whether section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") applies to stay any Action (as defined below) and (b) the Debtor's right to seek further extensions of the Removal Deadlines.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of this chapter 11 case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Motion are 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and rule 9006-2 of the Local Rules of Bankruptcy Practice

---

[4] By operation of Local Bankruptcy Rule 9006-2, the filing of this Motion prior to the expiration of the removal deadlines specified in Bankruptcy Rules 9027(a)(2) and 9027(a)(3) automatically extends such deadlines until such time as the Court rules on this Motion.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Bankruptcy Rules***").

5. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

6. On June 1, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case. To date, no committees have been appointed or designated.

7. The Debtor was created to own and develop a mixed-use, pedestrian-friendly community, sports, and entertainment venue, that would also include a new headquarters and practice facility for the Carolina Panthers, a National Football League team, situated on a 234-acre site located in Rock Hill, South Carolina (the "***Project***"). The Debtor acquired a site for the Project and entered into various agreements with certain governmental authorities as well as providers of design, construction, and other services to support the development of the Project. For the reasons discussed in the First Day Declaration, the Debtor suspended further development of the Project in March 2022.

8. Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of this chapter 11 case, is set forth in detail in the First Day Declaration.

**BASIS FOR RELIEF**

9. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12. Finally, Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, including the removal periods under Bankruptcy Rule 9027, without notice, upon a showing of cause. *See* Fed. R. Bankr. P. 9006(b)(1).

13. It is well settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027(a)(3)); *In re TK Holdings Inc.*, 2018 WL 1306271, at *46 (Bankr. D. Del. Mar. 18, 2010) (extending the time provided by Bankruptcy Rule 9027 to remove a civil action under 28 U.S.C. § 1452); *Robert Plan Corp. v. Am. Int'l Grp. Inc.*, No. 09-200 (GEB) (DEA), 2009 U.S. Dist. LEXIS 69540, at *15 (D. N.J. Aug. 10, 2009) (stating that the period in which to file a motion to remove actions may be expanded pursuant to Bankruptcy Rule 9006); *Draw Another Circle, LLC*, No. 16-11452 (KJC) (Bankr. D. Del. Sept. 6, 2016) [D.I. 668] (granting the debtor's fourth removal extension request, including for postpetition actions under Bankruptcy Rule 9027(a)(3), for a total extension of 360 days, without prejudice to the debtor's ability to seek additional extensions); *In re TPOP, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. July 6, 2020) [D.I. 1183] (granting the debtor's fifteenth removal extension request, including for postpetition actions, for a total extension of 2,627 days, without prejudice to the debtor's ability to seek additional extensions); *In re The Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. Aug. 10, 2020) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions) [D.I. 941]; *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Jan. 31,

2022) (granting debtors' sixth motion to extend the removal periods under Bankruptcy Rules 9027(a)(2) and 9027(a)(3)) [D.I. 6347]; *In re PWM Property Mgmt. LLC*, Case No. 21-11445 (MFW) (Bankr. D. Del. Feb. 3, 2022) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions) [D.I. 407].

14. The Debtor submits that ample cause exists to extend the Removal Deadlines.

15. The Debtor and its professionals need additional time to identify any actions currently pending in the courts of states and federal districts (each an "*Action*," and collectively, the "*Actions*") and evaluate a legal strategy for such Actions in the context of the Debtor's chapter 11 case. Therefore, the Debtor believes that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to preserve the rights of the Debtor and its estate to potentially remove any Actions, if necessary.

16. Since the Petition Date, the Debtor has expended considerable time and effort focusing on its transition into chapter 11, including, but not limited to seeking and obtaining various forms of first and second day relief, coordinating with Mascaro/Barton Malow, a Joint Venture (the "*Construction Manager*") to secure the Project site and protect materials and equipment, responding to various inquiries from vendors, suppliers, and other claimants, preparing the Debtor's schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs, retaining professionals to assist the Debtor in developing an exit strategy for this chapter 11 case, coordinating with the Construction Manager to access books and records to adequately satisfy the Debtor's reporting obligations for this chapter 11 case, and addressing various issues related to maximizing value for all creditors and stakeholders. Despite these efforts, the Debtor is still in the process of formulating a concrete path forward in this chapter 11 case.

17. Given the Debtor's focus to date, the Debtor has not had sufficient time to evaluate any pending Actions and possible removal pursuant to Bankruptcy Rule 9027(a)(2) or 9027(a)(3). The extension sought will afford the Debtor an opportunity to make more fully informed decisions concerning the existence of any Actions and their removal, and will ensure that the Debtor and its estate do not forfeit the valuable rights afforded to it under 28 U.S.C. § 1452. Absent the requested extension, the Debtor will not be able to complete this review adequately, and the result could, among other things, unnecessarily hinder the Debtor's ability to recover assets for the benefit of its estate. Further, the Debtor submits that granting the extension requested herein will not prejudice the rights of any adversary in an existing Action because such parties are prevented from prosecuting Actions absent relief from the automatic stay. In addition, the rights of the Debtor's adversaries in any Action will not be prejudiced by the proposed extension of the Removal Deadlines because any party to an Action that the Debtor removes may seek to remand the Action to state court under 28 U.S.C. § 1452(b).[5]

18. For the reasons set forth above, the Debtor submits that extending the Removal Deadlines as requested herein is necessary, prudent, and in the best interests of the Debtor, its estate, and creditors.

## **NOTICE**

19. The Debtor will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the DIP Lender;[6] (d) the Construction Manager; (e) the United States

---

[5] The Debtor reserves its right to contest any remand.

[6] The term "DIP Lender" is defined in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Super-Priority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 9].

Attorney for the District of Delaware; (f) the state attorney general for South Carolina; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the City of Rock Hill; (j) York County, South Carolina; (k) the South Carolina Department of Revenue; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in view of the nature of the relief requested, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

## CONCLUSION

The Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated:  June 28, 2022                                    Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:      (302) 777-0300
Email:          farnan@farnanlaw.com
                bfarnan@farnanlaw.com
                mfarnan@farnanlaw.com

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Varoon Sachdev (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
Email:          tlauria@whitecase.com
                varoon.sachdev@whitecase.com

Stephen Moeller-Sally (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 446-4800
Email:          ssally@whitecase.com
                mark.franke@whitecase.com
                brandon.batzel@whitecase.com

William A. Guerrieri (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone:      (312) 881-5400
Email:          william.guerrieri@whitecase.com

*Proposed Counsel to the Debtor and
Debtor-in-Possession*