## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GT REAL ESTATE HOLDINGS, LLC, | Case No. 22-10505 (KBO) |
| Debtor. | |

2022 ... ... 47

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## AMENDED NOTICE OF MECHANIC'S LIEN
## BY PADDOCK CONSTRUCTION COMPANY INC. DBA PADDOCK CONSTRUCTION INC.,
## PURSUANT TO 11 U.S.C. §546(b)(2)

PADDOCK CONSTRUCTION COMPANY INC. DBA PADDOCK CONSTRUCTION INC., ("**Lienholder**"), by and through its undersigned counsel, submits its Amended Notice of Perfection of Mechanic's Lien Pursuant to 11 U.C.S. §546(b)(2) (the "**Amended Notice**"), and respectfully states as follows:

1.      Lienholder is licensed as a GENERAL CONTRACTOR, LICENSE: G13294 by the South Carolina Department of Labor, Licensing, and Registration.

2.      Commencing on July 13, 2020, a project (the "**Project**") was commenced for the improvement of certain real property located in York County, South Carolina (the "Property") owned by GT Real Estate Holdings, LLC (the "**Debtor**").

3.      Lienholder provided labor and/or materials to the Project.

4.      The mechanic's lien statute in effect in South Carolina, S.C. Code Ann §29-5-10, *et. seq.* (the "**Lien Law**"), states:

> A person whom a debt is due for labor performed or furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate… shall have a lien upon the building or structure and upon the interest of the owner of the building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him.

1

S.C. Code Ann. §25-5-10.

5.      A mechanics lien under the Lien Law "arises, inchoate, when the labor is performed or the materials are furnished". *Preferred Sav. & Loan Ass'n, Inc. v. Royal Garden Resort, Inc.*, 295 S.C. 268, 272, 368 S.E.2d 78, 81 (Ct. App. 1988), *aff'd* 301 S.C. 1, 389 S.E.2d 853 (1990).

6.      Lienholder filed a Notice of Mechanic's Lien with the Clerk of Court of York County, South Carolina, within the time prescribed by S.C. Code Ann. § 29-5-90.

7.      Lienholder filed a Notice of Mechanic's Lien in this Court Pursuant to 11 U.C.S. §546(b)(2).

8.      Lienholder then filed an Amended Notice of Mechanic's Lien (the "**Amended Notice of Mechanic's Lien**") with the Clerk of Court of York County, South Carolina, within the time prescribed by S.C. Code Ann. § 29-5-90.

9.      A true and correct copy of the Lienholder's Amended Notice of Mechanic's Lien is attached hereto as **Exhibit A** and is incorporated by reference as if fully restated herein at length.

10.     In addition to timely filing of a Notice of Mechanic's Lien, the Lien Law requires the commencement of suit within six (6) months after the day of the filing of the Notice of Mechanic's Lien with the register of deeds or clerk of court.  S.C. Code Ann. § 29-5-120.

11.     11 U.S.C. § 546(b)(2) provides that when applicable law requires the filing of suit or the seizure of property as condition of maintaining or perfecting a lien, the lienholder's interest "shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement." 11 U.S.C. §546(b)(2).

12.     In light of the foregoing, and in lieu of filing suit or attempting seizure, PADDOCK CONSTRUCTION COMPANY INC. DBA PADDOCK CONSTRUCTION INC. hereby timely

2

provides this Amended Notice of Lienholder's rights as a perfected mechanic's lienholder in the Debtor's Property pursuant to 11 U.S.C. §546(b)(2).

13.     The filing of this Amended Notice shall not be deemed a waiver or release of any of Lienholder's rights or remedies at law, equity or otherwise, all of which are expressly reserved.

14.     Further, the filing of this Amended Notice is without prejudice to any additional claims that Lienholder may have, including, but not limited to, administrative claims, rejection damages claims or any other claims that Lienholder may have against the Debtor, now or in the future.

Dated: June 28, 2022

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Charles A. Kinney*

Charles A. Kinney, S.C. Bar #77635
525 North Tryon Street, Suite 1600
Charlotte, NC 28202
704.302.1353 (Direct)
704.302.1330 (Main)
704.302.1331 (Fax)

272463437v.1

# EXHIBIT A
## LIENHOLDER'S AMENDED NOTICE OF MECHANIC'S LIEN

STATE OF SOUTH CAROLINA
COUNTY OF YORK

IN THE COURT OF COMMON PLEAS
CASE NO.

PADDOCK CONSTRUCTION, INC.

**2022028976**
MECHANICS LIEN AMEND
RECORDING FEES          $10.00

Plaintiff,

v.

GT REAL ESTATE HOLDINGS, LLC AND
MASCARO/BARTON MALOW, A JOINT
VENTURE

**AMNEDED NOTICE AND
CERTIFICATE OF LIEN**

Defendants.

**TO: GT REAL ESTATE HOLDINGS, LLC AND MASCARO/BARTON MALOW, A JOINT VENTURE**

NOTICE IS HEREBY GIVEN, pursuant to S.C. Code Ann. §29-5-10 et seq., that GT REAL ESTATE HOLDINGS, LLC AND MASCARO/BARTON MALOW, A JOINT VENTURE; (collectively "**Lienee**") is justly indebted to PADDOCK CONSTRUCTION, INC. ("**Lienor**") in the amount of Four Hundred Three Thousand Two Hundred Eighteen Dollars and Eighty-Six Cents ($403,218.86) for the provision of manpower, labor, materials, equipment and storage costs for services specifically related to and/or at the subject property, including the provision of materials and equipment for plumbing at the Carolina Panthers Rock Hill Development, as further set forth in the Sub Contract Agreement dated May 12, 2021 ("**Contract**").

This Amended Notice and Certificate of Lien amends the original Notice and Certificate of Lien, and its exhibits, filed June 21, 2022, with the York County, South Carolina, Register of Deeds Office, said Lien being filed in Book of Liens 494, pages 75 - 93.

PRESENTED & RECORDED:
**06-24-2022 02:28:24 PM**
**BK: LIENS 494**
**PG: 144 - 162**
DAVID HAMILTON
CLERK OF COURT
YORK COUNTY, SC
BY ABIGAYLE LANIER CLERK

272188733v.1

The Date upon which labor or materials were first furnished upon the property is December 13, 2021. The materials furnished and labor was performed by Lienor or within ninety (90) days prior to the date of this Amended Notice and Certificate of Lien, to wit, most recently on April 27, 2022.

That by virtue thereof, by the service and filing of this Amended Notice and Certificate of Lien, and pursuant to the provisions of the statutes in such cases made and provided, the Lienor has and claims a lien to secure the payment of the debt so due and the costs, interests and attorney's fees involved in enforcing the lien on the real property described in Exhibit A of the Limited Warranty Deed attached hereto as **Exhibit A**.

An amended verified statement of account and the amended amount due thereon for materials furnished and labor performed, with all just credits given, with notice to, consent of, and authority of the owner of the subject property, GT REAL ESTATE HOLDINGS, LLC, is attached hereto as **Exhibit B**.

This the 24th day of June 2022.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Charles A. Kinney, SC Bar No. 77635
525 N. Tryon Street, Ste. 1600
Charlotte, NC 28202
T: 704.302.1330
F: 704.302.1331
E: Charles.Kinney@wilsonelser.com
*Attorney for Lien Claimant*

Sworn to and subscribed to before me this 22 day of June, 2022.

Notary Public for South Carolina
My Commission Expires: _05 25 203_

Sheldon Bell
Notary Public for South Carolina
Commission Expires: 05/25/2031

272188733v.1

**EXHIBIT A**
**PROPERTY DESCRIPTION**

YORK COUNTY ASSESSOR
Tax Map:
644-00-00-021
644-00-00-020
644-00-00-022  PORTION
644-00-00-011  PORTION
664-01-02-003  PORTION
Date: 04/01/2020

E H

Prepared by:
Spencer & Spencer, P.A. (PWD)
226 East Main Street, Suite 200
Rock Hill, South Carolina 29731

| YORK COUNTY, SC | |
| --- | --- |
| 2020013705 | DEED |
| RECORDING FEES | $15.00 |
| STATE TAX | $42627.00 |
| COUNTY TAX | $18034.50 |
| 04-01-2020 | 08:19:29 AM |
| BK:RB 10171 | PG:168-179 |

STATE OF SOUTH CAROLINA ) )
COUNTY OF YORK )

**LIMITED WARRANTY DEED**

KNOW ALL MEN BY THESE PRESENTS, that T. W. Hutchison Family Limited Partnership, T. W. Hutchison Family Limited Partnership No. 2, The Hutchison Family, LLC, Hiram Hutchison and Linda D. Hutchison, Co-Trustees of the Hutchison Family Trust, Hiram Hutchison and Jan P. Arnold a/k/a Jane P. Arnold, (collectively "Grantor"), for valuable consideration paid to it by GT Real Estate Holdings, LLC, a Delaware limited liability company ("Grantee"), with an address of 800 South Mint Street, Charlotte, NC 28202 (the receipt whereof is hereby acknowledged), has, subject to the Permitted Exceptions (defined below and incorporated herein by this reference), granted, bargained, sold and released, and by these presents does, subject to the Permitted Exceptions, grant, bargain, sell and release, unto the said Grantee, its Successors and Assigns forever the following described property, to wit (the "Premises");

The Premises is conveyed subject to all restrictive covenants, easements, rights-of-way, and other matters of record or apparent upon a reasonable inspection of the Premises (collectively, the "Permitted Exceptions").

See Exhibit A attached hereto and incorporated herein by this reference.

TOGETHER with all and singular the Rights, Members, Hereditaments and Appurtenances to the said Premises belonging, or in anywise incident or appertaining.

TO HAVE AND TO HOLD, all and singular, subject to the Permitted Exceptions, the said Premises before mentioned, unto the said Grantee, its Successors and Assigns forever.

AND Grantor does hereby bind the Grantor and the Grantor's Heirs, Successors and Assigns to warrant and forever defend all and singular the Premises, subject to the Permitted Exceptions, unto Grantee, and Grantee's Successors and Assigns, against Grantor and Grantor's Heirs and Successors lawfully claiming, or to claim the same, or any part thereof, but against no others.

IN WITNESS WHEREOF, Grantor has caused this Deed to be executed and delivered as of the 27 day of March in the year 2020.

00400157.1

1

Signed, sealed and delivered
   in the presence of:

_____
[Witness #1 Signature]

_____
[Witness #2 Signature]

T. W. Hutchison Family Limited Partnership

_____(SEAL)
By:  Hiram Hutchison
Title:  General Partner

STATE OF SOUTH CAROLINA    )
                                  )      ACKNOWLEDGMENT
COUNTY OF YORK              )

       The foregoing instrument was acknowledged before me this 27 day of March, 2020, by Hiram Hutchison as General Partner of T. W. Hutchison Family Limited Partnership, a South Carolina limited partnership, on behalf of the partnership.

_____
Notary Public for South Carolina
My commission expires 12 - 6 - 27

[NOTARIAL SEAL]

SUZANNE G. DATKO
NOTARY
---
PUBLIC
SOUTH CAROLINA

Signed, sealed and delivered
   in the presence of:

_____
[Witness #1 Signature]

_____
[Witness #2 Signature]

T. W. Hutchison Family Limited Partnership
No. 2

_____ (SEAL)
By:  Hiram Hutchison
Title:  General Partner

STATE OF SOUTH CAROLINA   )
                                 )     ACKNOWLEDGMENT
COUNTY OF YORK            )

       The foregoing instrument was acknowledged before me this 27 day of March, 2020, by Hiram Hutchison as General Partner of T. W. Hutchison Family Limited Partnership No. 2, a South Carolina limited partnership, on behalf of the partnership.

_____
Notary Public for South Carolina
My commission expires 12-6-27

[NOTARIAL SEAL]

Signed, sealed and delivered
  in the presence of:

_____
[Witness #1 Signature]

_____
[Witness #2 Signature]

The Hutchison Family, LLC:

_____ (SEAL)
By:  Hiram Hutchison, III
Title:  Authorizing Member

STATE OF SOUTH CAROLINA    )
                          )     ACKNOWLEDGMENT
COUNTY OF YORK            )

        The foregoing instrument was acknowledged before me this 27 day of March, 2020, by Hiram Hutchison, III as Authorizing Member of The Hutchison Family, LLC, a South Carolina limited liability company, on behalf of the company.

_____
Notary Public for South Carolina
My commission expires 12-6-27 .

[NOTARIAL SEAL]

Signed, sealed and delivered
    in the presence of:

**Hiram Hutchison and Linda D. Hutchison,
Co-Trustees of the Hutchison Family Trust**

_[Witness #1 Signature]_

_(SEAL)_
Hiram Hutchison

_[Witness #2 Signature]_

_(SEAL)_
Linda D. Hutchison

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | ACKNOWLEDGMENT |
| COUNTY OF YORK | ) | |

      The foregoing instrument was acknowledged before me this 27 day of March, 2020, by Hiram Hutchison as Co-Trustee of the Hutchison Family Trust, on behalf of the trust.

Notary Public for South Carolina
My commission expires 12·6·27

[NOTARIAL SEAL]

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | ACKNOWLEDGMENT |
| COUNTY OF YORK | ) | |

      The foregoing instrument was acknowledged before me this 27 day of March, 2020, by Linda D. Hutchison as Co-Trustee of the Hutchison Family Trust, on behalf of the trust.

Notary Public for South Carolina
My commission expires 12·6·27

[NOTARIAL SEAL]

Signed, sealed and delivered
  in the presence of:


_____          _____ (SEAL)
[Witness #1 Signature]                    Hiram Hutchison


_____
[Witness #2 Signature]


STATE OF SOUTH CAROLINA        )
                               )        **ACKNOWLEDGMENT**
COUNTY OF YORK                 )

    The foregoing instrument was acknowledged before me this _d7_ day of March, 2020, by Hiram Hutchison.

_____
Notary Public for South Carolina
My commission expires _12-6-27_

[NOTARIAL SEAL]

Signed, sealed and delivered
   in the presence of:


_____                    _____ (SEAL)
[Witness #1 Signature]                              Jan P. Arnold a/k/a Jane P. Arnold


_____
[Witness #2 Signature]


STATE OF SOUTH CAROLINA     )
                            )        ACKNOWLEDGMENT
COUNTY OF YORK              )

       The foregoing instrument was acknowledged before me this 27 day of March, 2020, by
Jan P. Arnold a/k/a Jane P. Arnold.

_____
Notary Public for South Carolina
My commission expires 13-6-27 _____

[NOTARIAL SEAL]

SUZANNE G. DATKO
NOTARY
---
PUBLIC
SOUTH CAROLINA

**EXHIBIT A**

**Legal Description of the Premises**

All that certain piece, parcel or tract of land, lying, being and situate in the County of York, State of South Carolina, and being shown and designated as Tract 1 containing 16.524 acres, more or less, Tract 2 containing 33.910 acres, more or less, Tract 3 containing 187.743 acres, more or less, Tract 4 containing 2.075 acres, more or less, and Tract 5 containing 0.412 acres, more or less, for a total of 240.664 acres, more or less, on a Survey for Boundary Line Adjustment Plat of Hutchison Panther Tracts, prepared by David B. Boyles, SCPLS 22366, dated March 24, 2020, and recorded March 27, 2020, in the Office of the Clerk of Court for York County in Plat Book 163 at Page 450.  Reference to said plat is hereby made for a more particular description as to metes and bounds.

Tax Map Numbers:  664-00-00-022, 664-00-00-021, 664-00-00-020, portion of 664-00-00-011 and 664-01-02-003.

Derivation:  See Deeds recorded February 25, 1998 in Record Book 2145 at Page 94, recorded July 10, 2002, in Record Book 4488 at Page 133, recorded November 19, 1999 in Record Book 2933 at Page 104, recorded May 20, 2016 in Record Book 15668 at Page 173 and recorded July 30, 2008, in Record Book 10212 at Page 42, in the Office of the Clerk of Court for York County, South Carolina and documents from the estate of Anne Clair H. Bigger filed under Estate Case 799, File 22645 and from the estate of Hiram Hutchison (Sr.), filed under Estate Case 358, File 11267, Office of the Probate Court for York County, South Carolina.

**STATE OF SOUTH CAROLINA**     )
                                )          **AFFIDAVIT**
**COUNTY OF YORK**              )

PERSONALLY appeared before me the undersigned, who being duly sworn, deposes and says:

1.      I have read the information on this affidavit and I understand such information.

2.      The property being transferred is a 240.664 acre, more or less, tract bearing York County Tax Map Numbers 664-00-00-022, 664-00-00-021, 664-00-00-020, portion of 664-00-00-011 and 664-01-02-003 and was transferred by T. W. Hutchison Family Limited Partnership, T. W. Hutchison Family Limited Partnership No. 2, The Hutchison Family, LLC, Hiram Hutchison and Linda D. Hutchison Co-Trustees of the Hutchison Family Trust, Hiram Hutchison and Jan P. Arnold a/k/a Jane P. Arnold to GT Real Estate Holdings, LLC as of March __27__, 2020.

3.      Check one of the following: The deed is

      (a)      __X___ subject to the deed recording fee as a transfer for consideration paid or to be paid in money or money's worth.

      (b)      ___ subject to the deed recording fee as a transfer between a corporation, a partnership, or other entity and a stockholder, partner, or owner of the entity, or is a transfer to a trust or as a distribution to a trust beneficiary.

      (c)      _____ exempt from the deed recording fee because:

      (If exempt, please skip items 4-7 and go to item 8.)

4.      Check one of the following if either item 3(a) or 3(b) above has been checked.

      (a)      __x___ The fee is computed on the consideration paid or to be paid in money or money's worth in the amount of  $16,394,550.00.

      (b)      ___ The fee is computed on the fair market value of the realty which is _____.

      (c)      ___ The fee is computed on the fair market value of the realty as established for property tax purposes which is $_____.

5.      Check YES____ or NO_X_ to the following: A lien or encumbrance existed on the land, tenement, or realty before the transfer and remained on the land, tenement, or realty after the transfer.  If "YES", the amount of the outstanding balance of this lien or encumbrance is $ ___.

6.      The deed recording fee is computed as follows:

      (a) Place the amount listed in item 4 above here: $ 16,394,550.00

      (b) Place the amount listed in item 5 above here: $      -0-
          (If no amount is listed, place zero here.)

      (c) Subtract Line 6(b) from Line 6(a) and

00140857.1

place the result here:                     $ 16,394,550.00

7.     The deed recording fee is based on the amount listed on Line 6(c) above and the deed recording fee is:  $60,661.50

8.     As required by Code Section 12-24-70, I state that I am a responsible person who was connected with the transaction as:      **Seller Attorney**

9.     I understand that a person required to furnish this affidavit who willfully furnishes a false or fraudulent affidavit is guilty of a misdemeanor and, upon conviction, must be fined not more than one thousand dollars or imprisoned not more than one year, or both.

_____
Responsible Person Connected with this Transaction

Spencer & Spencer, P.A.
Paul W Dillingham, Attorney
Type or Print Name Here

SWORN to before me this 27
day of March, 2020.

_____
Printed Name of Notary Suzanne G. Datko
Notary Public for South Carolina
My Commission Expires: 12-6-27

[NOTARY SEAL: SUZANNE G. DATKO — NOTARY — PUBLIC — SOUTH CAROLINA]

## INFORMATION

*Except as provided in this paragraph, the term "value" means "the consideration paid or to be paid in money or money's worth for the realty." Consideration paid or to be paid in money's worth includes, but is not limited to, other realty, personal property, stocks, bonds, partnership interest and other intangible property, the forgiveness or cancellation of a debt, the assumption of a debt, and the surrendering of any right. The fair market value of the consideration must be used in calculating the consideration paid in money's worth. Taxpayers may elect to use the fair market value of the realty being transferred in determining fair market value of the consideration. In the case of realty transferred between a corporation, a partnership, or other entity and a stockholder, partner, or owner of the entity, and in the case of realty transferred to a trust or as a distribution to a trust beneficiary, "value" means the realty's fair market value. A deduction from value is allowed for the amount of any lien or encumbrance existing on the land, tenement, or realty before the transfer and remaining on the land, tenement, or realty after the transfer. Taxpayers may elect to use the fair market value for property tax purposes in determining fair market value under the provisions of the law.*
*Exempted from the fee are deeds:*

*(1)  transferring realty in which the value of the realty, as defined in Code Section 12-24-30, is equal to or less than one hundred dollars;*

*(2)  transferring realty to the federal government or to a state, its agencies and departments, and its political subdivisions, including school districts;*

*(3)  that are otherwise exempted under the laws and Constitution of this State or of the United States;*

*(4)  transferring realty in which no gain or loss is recognized by reason of Section 1041 of the Internal Revenue Code as defined in Section 12-6-40(A);*

*(5)  transferring realty in order to partition realty as long as no consideration is paid for the transfer other than the interests in the realty that are being exchanged in order to partition the realty;*

00140157.1                                              10

**Book 493   Page 233**

(6) transferring an individual grave space at a cemetery owned by a cemetery company licensed under Chapter 55 of Title 39;

(7) that constitute a contract for the sale of timber to be cut;

(8) transferring realty to a corporation, a partnership, or a trust in order to become, or as, a stockholder, partner, or trust beneficiary of the entity provided no consideration is paid for the transfer other than stock in the corporation, interest in the partnership, beneficiary interest in the trust, or the increase in value in such stock or interest held by the grantor. However, the transfer of realty from a corporation, a partnership, or a trust to a stockholder, partner, or trust beneficiary of the entity is subject to the fee even if the realty is transferred to another corporation, a partnership, or trust;

(9) transferring realty from a family partnership to a partner or from a family trust to a beneficiary, provided no consideration is paid for the transfer other than a reduction in the grantor's interest in the partnership or trust. A "family partnership" is a partnership whose partners are all members of the same family. A "family trust" is a trust in which the beneficiaries are all members of the same family. The beneficiaries of a family trust may also include charitable entities. "Family" means the grantor and the grantor's spouse, parents, grandparents, sisters, brothers, children, stepchildren, grandchildren, and the spouses and lineal descendants of any the above. A "charitable entity" means an entity which may receive deductible contributions under Section 170 of the Internal Revenue Code as defined in Section 12-6-40(A);

(10) transferring realty in a statutory merger or consolidation from a constituent corporation to the continuing or new corporation;

(11) transferring realty in a merger or consolidation from a constituent partnership to the continuing or new partnership;

(12) that constitute a corrective deed or a quitclaim deed used to confirm title already vested in the grantee, provided that no consideration of any kind is paid or is to be paid under the corrective or quitclaim deed;

(13) transferring realty subject to a mortgage to the mortgagee whether by a deed in lieu of foreclosure executed by the mortgagor or deed pursuant to foreclosure proceedings;

(14) transferring realty from an agent to the agent's principal in which the realty was purchased with funds of the principal, provided that a notarized document is also filed with the deed that establishes the fact that the agent and principal relationship existed at the time of the original purchase as well as for the purpose of purchasing the realty; and

(15) transferring title to facilities for transmitting electricity that is transferred, sold, or exchanged by electrical utilities, municipalities, electric cooperatives, or political subdivisions to a limited liability company which is subject to regulation under the Federal Power Act (16 U.S.C. Section 791(a)) and which is formed to operate or to take functional control of electric transmission assets as defined in the Federal Power Act.

**EXHIBIT B**
**AMENDED VERIFIED STATEMENT OF ACCOUNT**

**AND**

**AMENDED NOTICE OF FURNISHING LABOR AND MATERIALS**

272188733v.1

STATE OF SOUTH CAROLINA    )
                           )    **AMENDED VERIFIED STATEMENT OF**
COUNTY OF YORK             )    **ACCOUNT**

     PERSONALLY, appeared before me, Charles A. Kinney, of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as outside counsel for PADDOCK CONSTRUCTION, INC., who being duly sworn, deposes and says:

     1.    PADDOCK CONSTRUCTION, INC., a contractor with its primary place of business in Mecklenburg County, North Carolina, by virtue of the contract executed on May 12, 2021, with GT REAL ESTATE HOLDINGS, LLC AND MASCARO/BARTON MALOW, A JOINT VENTURE, furnished labor and materials for the improvement of the property described in Exhibit A of the Limited Warranty Deed, attached to the Notice and Certificate of Lien herein as **Exhibit A** (the "**Property**").

     2.    The labor performed and/or materials furnished, included the provision of manpower, labor, and plumbing work, among other tasks, for the Property.

     3.    The date upon which labor or materials were last furnished upon the Property was April 27, 2022.

     4.    I have reviewed the books and records of PADDOCK CONSTRUCTION, INC., as they relate to the labor and materials furnished for the Property.

     5.    Based on a review of the books and records of PADDOCK CONSTRUCTION, INC., there is justly due and owing, with all just credits given, to PADDOCK CONSTRUCTION, INC., the sum of Four Hundred Three Thousand Two Hundred Eighteen Dollars and Eighty-Six Cents ($403,218.86), plus interest, reasonable attorneys' fees for the collection of said sum, and the costs of this action, for the labor and materials furnished for the improvements of the Property.

     6.    That I do hereby certify that this is a just and true statement of account.

272187900v.1

7.    This Amended Verified Statement of Account amends the original Verified Statement of Account as part of the Notice and Certificate of Lien filed June 21, 2022, with the York County, South Carolina, Register of Deeds Office, said Lien being filed in Book of Liens 494, pages 75 – 93.

This the 24th day of June 2022.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Charles A. Kinney, SC Bar No. 77635
525 N. Tryon Street, Ste. 1600
Charlotte, NC 28202
T: 704.302.1330
F: 704.302.1331
E: Charles.Kinney@wilsonelser.com
*Attorney for Lien Claimant*

Sworn to and subscribed to before me

this .22 day of June, 2022.

Notary Public for South Carolina

My Commission Expires: _____

Sheldon Bell
Notary Public for South Carolina
Commission Expires: 05/25/2031

STATE OF SOUTH CAROLINA      )
COUNTY OF YORK            )

## AMENDED NOTICE OF FURNISHING LABOR AND MATERIALS

**To:**   **GT REAL ESTATE HOLDINGS, LLC**
**800 South Mint Street**
**Charlotte, NC 28202**

**MASCARO/BARTON MALOW, A JOINT VENTURE**
**1720 Metropolitan Street**
**Pittsburg, PA 15233**

NOTICE IS HEREBY GIVEN, pursuant to S.C. Code Ann. §29-5-20, that GT REAL ESTATE HOLDINGS, LLC and MASCARO/BARTON MALOW, A JOINT VENTURE, are justly indebted to PADDOCK CONSTRUCTION, INC. Four Hundred Three Thousand Two Hundred Eighteen Dollars and Eighty-Six Cents ($403,218.86) for the improvement of the real property described in Exhibit A of the attached Limited Warranty Deed (the "**Property**"), together with all improvements thereon, plus interest, reasonable attorneys' fees for the collection of said sum, and for the costs of this action. This Amended Notice of Furnishing Labor and Materials amends the original Notice of Furnishing Labor and Materials as part of the Notice and Certificate of Lien filed June 21, 2022, with the York County, South Carolina, Register of Deeds Office, said Lien being filed in Book of Liens 494, pages 75 – 93.

This sum is due and owing to PADDOCK CONSTRUCTION, INC. by reason of materials furnished and labor performed and actually used in the improvement of the Property and in otherwise improving the Property by virtue of the contract executed by and between PADDOCK CONSTRUCTION, INC.; GT REAL ESTATE HOLDINGS, LLC and MASCARO/BARTON MALOW, A JOINT VENTURE on May 12, 2021.

The labor performed and/or materials furnished, included the provision of materials and equipment for five therapy pools at the Property. The Date upon which labor or materials were

272192646v.1

first furnished upon the Property is December 13, 2021. The Date upon which labor or materials were last furnished upon the Property was April 27, 2022.

There is justly due and owing to PADDOCK CONSTRUCTION, INC., with all credits given, the sum of Four Hundred Three Thousand Two Hundred Eighteen Dollars and Eighty-Six Cents ($403,218.86), plus interest, reasonable attorneys' fees for the collection of said sum, and the costs of this action, for the labor and materials furnished for improvements of the Property.

This is the 24th day of June 2022.

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

_____

Charles A. Kinney, SC Bar No. 77635
525 N. Tryon Street, Ste. 1600
Charlotte, NC 28202
T:  704.302.1330
F:  704.302.1331
E:  Charles.Kinney@wilsonelser.com
*Attorney for Lien Claimant*

Sworn to and subscribed to before me

this 22 day of June, 2022.

_____
Notary Public

My Commission Expires: 02-25-___

Sheldon Bell
Notary Public for South Carolina
Commission Expires: 09/25/2031